UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE RAY ABRAMS,

    Plaintiff,

 v.

CHAD M ENRIGHT, *et al.*,

    Defendants.

CASE NO. 3:22-cv-05826-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 21, 2023

  This matter is before the Court on referral from the district court and on defendant Enright's motion to dismiss. Dkt. 14.

  Plaintiff Jesse Ray Abrams, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action against Kitsap County Prosecutor Chad Enright and two Bremerton law enforcement officers for various actions taken against him in connection with his 2022 arrest and subsequent criminal proceedings in Kitsap County. Because the exclusive remedy for plaintiff's claims for release from incarceration is to pursue a writ of habeas corpus, and because the doctrine of prosecutorial immunity applies to the claims for damages against

defendant Enright, plaintiff's claims relating to his state criminal proceedings are not actionable as a matter of law. Further, because plaintiff's remaining allegations, including those alleging state law claims of defamation, fail to state a claim, the Court recommends dismissal of those claims against defendant Enright as well.

Accordingly, the Court recommends that defendant Enright's motion to dismiss be granted and plaintiff's claims against defendant Enright be dismissed with prejudice.

## BACKGROUND

### I. Factual Allegations

#### A. Allegations in the Complaint

Most of the allegations in plaintiff's complaint appear to stem from his 2022 arrest in Kitsap County and the conduct of several officials involved in that case, identified in Kitsap County Superior Court as Case No. 22-1-00697-18. Dkts. 7, 11. He claims his speedy trial period ended and he will not agree to sign another waiver of speedy trial. Dkt. 7 at 4–5. He claims the prosecutor, defendant Enright, used plaintiff's mental health evaluation or diminished capacity defense to force him to accept appointment of legal counsel. *Id*. at 6; Dkt. 11 at 1. Defendant Enright "hired" counsel for plaintiff, but that counsel has proven to be ineffective and does not communicate with plaintiff. Dkt. 7 at 6; Dkt. 11 at 1. Plaintiff also claims he has been pressured into making incriminating statements about his case, including when defendant Enright had Kitsap County Transit employees coerce him to participate in a taped interview without defense counsel present. Dkt. 11 at 3. Plaintiff is seeking both release from incarceration and monetary damages for these claims. Dkt. 7 at 9.

Plaintiff also asserts allegations of defamation against defendant Enright. *See* Dkt. 7 at 6. Specifically, plaintiff claims defendant Enright told an investigator that plaintiff had made

threats against his life. Dkt. 7 at 6. Defendant Enright also put a link to plaintiff's psychological evaluation from a previous criminal case on the Kitsap County Superior Court's website. *Id.* Plaintiff is seeking monetary damages for these claims. *See id.* at 7.

Plaintiff makes several other allegations in the complaint not directly related to his criminal proceedings. He claims officials at the jail removed his blood pressure medication. Dkt. 7 at 5. He also alleges other prosecutors in the county brag about their high conviction rates. Dkt. 11 at 2.

## B. Defendant's Request for Judicial Notice

Defendant Enright has requested the Court take judicial notice of certain public records in considering this motion. *See* Dkt. 14 at 2–3. These documents are listed as: (1) Exhibit A – copy of case information filed in *State v. Abrams*, Kitsap County Superior Court Case No. 18-1-01868-18 (Dkt. 15 at 4–20); and (2) Exhibit B – copy of case information filed in *State v. Abrams*, Kitsap County Superior Court Case No. 22-1-00697-18 (Dkt. 15 at 21–33).

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *See also Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g., United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

Because Exhibits A and B are documents considered matters of public record filed in plaintiff's state criminal cases, these documents are a proper subject of judicial notice. *See Black,*

1 | 482 F.3d at 1041. Thus, the Court grants defendant Enright's request for judicial notice as to
2 | Exhibits A and B, and the Court will consider these documents in deciding the pending motion.

3 | **II.**     **Procedural History**

4 | On November 1, 2022, plaintiff filed his initial complaint. Dkt. 1-1. On November 14,
5 | 2022, the Court reviewed the complaint and found plaintiff had failed to state a claim. Dkt. 4.
6 | The Court declined to serve the complaint, but afforded plaintiff an opportunity to file an
7 | amended complaint. *Id*.

8 | On December 5, 2022, plaintiff filed the operative amended complaint (hereinafter
9 | "complaint"). Dkt. 5, 7. On January 10, 2023, after screening the complaint, the Court entered an
10 | Order directing service. Dkt. 6. On January 24, 2023 and January 27, 2023, defendants entered
11 | notices of appearance. Dkts. 10, 12, 13. Further, on January 24, 2023, plaintiff filed a "statement
12 | of additional grounds," providing further narrative to the complaint's claims. Dkt. 11.

13 | On January 27, 2023, defendant Enright filed this motion to dismiss. Dkt. 14. Defendant
14 | Enright also provided plaintiff with a notice of dispositive motion. Dkt. 14-2. On February 15,
15 | 2023, plaintiff filed an order to show cause or amend complaint (Dkt. 19), which, by Order
16 | entered March 31, 2023, the Court construed in part as a response to the motion to dismiss (*see*
17 | Dkt. 40). Defendant Enright filed a reply on February 24, 2023. Dkt. 21. Plaintiff filed a further
18 | response on March 15, 2023. Dkt. 28.

19 | **DISCUSSION**

20 | **I.**     **Legal Standard**

21 | Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when
22 | allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.
23 | *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Pro se* litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

## II.     Claims Regarding Criminal Proceedings

In the motion to dismiss, defendant Enright argues plaintiff's claims arising from his state criminal proceedings should be dismissed on the bases that: (1) plaintiff's claims are *Heck* barred; (2) habeas corpus is plaintiff's exclusive remedy for relief rather than § 1983; (3) *Younger* abstention applies to plaintiff's claims; and (4) defendant Enright is protected by prosecutorial immunity. Dkt. 14. The Court will discuss these arguments in turn.

### A.  *Heck* Bar

Defendant Enright contends plaintiff's claims challenging actions taken during his criminal proceedings in his pending criminal case are *Heck* barred. A civil rights complaint seeking damages under § 1983 cannot proceed when "a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). To obtain federal judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Finally, *Heck* applies to pending criminal charges. *Harvey v. Waldron*, 210 F.3d 1008, 1014–15 (9th Cir. 2000) (holding "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist").

Here, part of plaintiff's § 1983 action is based on defendant Enright's alleged conduct during plaintiff's state Case No. 22-1-00697-18. *See* Dkt. 7 at 4–6; Dkt. 11. However, according to the Kitsap County docket, the case has not yet resolved. *See* Dkt. 15, Ex. B. To date, no conviction, judgment, or sentence has been entered. *Id*. As plaintiff's criminal charges in that case have not been dismissed and are still pending, the § 1983 claims related to that pending criminal case are not cognizable.

**B. Habeas Corpus versus § 1983 Action**

Defendant Enright also argues plaintiff's claims relating to his pending state criminal

1 proceedings arise under habeas corpus and therefore should be dismissed from this § 1983
2 action. An "action lying at the core of habeas corpus is one that goes directly to the
3 constitutionality of the prisoner's physical confinement itself and seeks either immediate release
4 from that confinement or the shortening of its duration. . . . With regard to such actions, habeas
5 corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475,
6 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate
7 vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to
8 the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a
9 pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D.
10 Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights
11 action, in contrast, is the proper method of challenging conditions of confinement." *Badea v.
12 Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

13 Here, plaintiff's claims challenging his physical confinement, specifically those of
14 ineffective assistance of counsel and a violation of his right to a speedy trial, as well as his
15 allegation relating to an allegedly coerced interview, may only be properly raised in a § 2241
16 habeas petition and are not cognizable in this § 1983 action. Therefore, plaintiff has failed to
17 state a claim upon which relief can be granted.

18         **C.  *Younger* Abstention**

19 Defendant Enright also argues that, regardless of whether this case is filed as a § 1983
20 action or a habeas petition, plaintiff's claims challenging his pending state criminal proceedings
21 are inappropriate in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401
22 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial
23 proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the
24

proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, plaintiff is a pre-trial detainee with ongoing state proceedings, specifically at Kitsap County Case No. 22-1-00697-18. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in these state court proceedings. Last, plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding. As *Younger* abstention applies to plaintiff's challenge to his claims relating to his pending state criminal proceedings, these claims fail to state a claim upon which relief can be granted.

### D. Prosecutorial Immunity

Finally, defendant Enright argues the claims for money damages against him arising out of plaintiff's state criminal proceedings should be dismissed because defendant is protected by absolute immunity.

Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor

who "acts within his or her authority and in a quasi-judicial capacity." *Kalina v. Fletcher*, 522 U.S. 118 (1997). Absolute immunity applies only if the challenged activity is intimately associated with the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. *Kalina*, 522 U.S. at 126. Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. *Ashelman*, 793 F.2d at 1078.

Here, plaintiff's claims relating to his state criminal proceedings and against defendant Enright are based on defendant Enright's role as a prosecutor. Plaintiff accuses defendant Enright of misconduct in connection with the actions he took to prepare and proceed with the cases against plaintiff. Prosecutorial immunity bars these allegations, as they all involve activities intimately associated with the judicial phase of the criminal process. *See Kalina*, 522 U.S. at 126; *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("[A] prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution . . . ." (citation omitted)). As such, plaintiff's claims for damages against defendant Enright and relating to his criminal proceedings fail for the additional reason that defendant Enright is immune from liability.

### E. Conclusion

Based on the discussion set forth above, the Court recommends plaintiff's claims against defendant Enright relating to his state criminal proceedings be dismissed without leave to amend,

as the Court does not find that additional factual allegations could render these claims actionable.

### III. Plaintiff's Remaining Claims

In the motion to dismiss, defendant Enright argues the remaining claims not related to plaintiff's criminal proceedings should be dismissed for failure to state a claim. The Court will discuss the arguments in turn.

#### A. Failure to Allege Personal Participation

Defendant Enright argues plaintiff's § 1983 claims against him should be dismissed because plaintiff has failed to plead sufficient facts demonstrating he personally participated in any constitutional violation. He contends that, even if plaintiff has stated a due process claim, plaintiff has failed to allege personal participation of defendant Enright.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for

relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

Here, plaintiff has failed to allege sufficient facts against defendant Enright for the claims not related to his criminal proceedings. While he makes a general reference to "due process" in his complaint, plaintiff has failed to link defendant Enright to any alleged constitutional violation. Specifically, plaintiff alleges officials at the jail where he is housed removed his blood pressure medication and other unnamed prosecutors bragged about high conviction rates. However, plaintiff does not articulate how this conduct violated his constitutional rights. And importantly, these allegations do not describe defendant Enright's personal involvement. Without a link between defendant Enright and any of these alleged constitutional violations, plaintiff's attempt to establish defendant Enright's liability for the actions of these unnamed non-defendants fails. Thus, the claims against defendant Enright here should be dismissed. Further, because plaintiff has already been provided opportunity to amend his complaint, the Court recommends further leave to amend be denied.

### IV.     Failure to State a Defamation Claim

Plaintiff alleges defendant Enright is liable for defamation. Dkt. 7. In a defamation claim in Washington State, the plaintiff must establish (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages. *Reykdal v. Espinoza*, 196 Wn.2d 458, 463 (2020). To establish the threshold requirement of falsity, the plaintiff must show the challenged statement was "provably false." *Schmalenberg v. Tacoma News, Inc.,* 87 Wash.App. 579, 590–91, 943 P.2d 350 (1997).

While the complaint is somewhat unclear, plaintiff's defamation claims appear to allege (1) defendant Enright told an investigator that plaintiff made threats against his life; and (2)

defendant Enright posted plaintiff's psychological evaluation on the Kitsap County Superior Court's website. Dkt. 7. In his motion to dismiss, defendant Enright responds to these allegations. Dkt. 14 at 9. He claims plaintiff has failed to allege he was aware, or should have been aware, that any of this information was provably false. *Id*. The Court agrees. As to the first allegation, were the Court to assume plaintiff is asserting he never made any threatening statements to defendant Enright, he has provided no other facts to show the statements were false or that defendant Enright knew they were false. *See* Dkt. 7 at 6. The same goes for the allegation relating to plaintiff's psychological evaluation. Plaintiff fails allege any of the information in the evaluation was provably false or that defendant Enright knew it was false. *Id*. Without this threshold requirement of falsity, plaintiff has failed to state a claim.

In his response to the motion to dismiss, plaintiff seemingly attempts to clarify his defamation claims by alleging defendant Enright omitted information on the determination of probable cause and warrant for arrest in order to make a stronger case against plaintiff. Dkt. 28 at 2–3. He also claims defendant Enright made statements in open court about plaintiff's mental health. *Id*. at 3. However, as set forth above, as a prosecutor defendant Enright is immune from liability for these claims, as they relate to activities intimately associated with the judicial phase of the criminal process. *See Kalina v. Fletcher*, 522 U.S. at 126. Thus, the Court recommends plaintiff's claims of defamation be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends defendant Enright's motion to dismiss (Dkt. 14) be granted and plaintiff's claims against him be dismissed. Because plaintiff has already been provided an opportunity to amend his complaint, the Court recommends further leave to amend be denied.

REPORT AND RECOMMENDATION - 12

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 21, 2023** as noted in the caption.

Dated this 4th day of April, 2023.

J. Richard Creatura
United States Magistrate Judge