UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE RAY ABRAMS,<br><br>      Plaintiff,<br>  v.<br><br>CHAD M. ENRIGHT, *et al.*,<br><br>      Defendants. | CASE NO. 3:22-cv-05826-BHS-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 2, 2023 |

This matter is before the Court on referral from the District Court and on the motion to dismiss filed by Defendants Schaefer[1] and Polansky. Dkt. 31.

Plaintiff Jesse Ray Abrams, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action against Jeffery Schaefer and Steven Polansky, both Bremerton law enforcement officers, and Kitsap County Prosecutor Chad Enright, for various actions taken against him in connection with his 2022 arrest and subsequent criminal proceedings in Kitsap County. Dkt. 7. He also claims Defendants Schaefer and Polansky

---

[1] Defendant Schaefer submits this is the correct spelling of his name. *See* Dkt. 31 at 1, note 1.

REPORT AND RECOMMENDATION - 1

assaulted him in 2019. *Id*. Because the allegations against Defendant Schaefer are duplicative of those set forth by Plaintiff in a prior pending lawsuit at *Abrams v. Shaefer*, 3:22-cv-05714-JCC-GJL, the allegations against Defendant Shaefer here should be dismissed. Further, the allegations against Defendant Polansky should be dismissed as time-barred by the applicable statute of limitations.

Accordingly, the Court recommends that Defendant Schaefer and Polansky's motion to dismiss be granted and Plaintiff's claims against them be dismissed.

## I.   BACKGROUND

### A.   Allegations in the Complaint

Most of the allegations in Plaintiff's complaint appear to stem from his 2022 arrest for rape and an alleged assault in Kitsap County and the conduct of several officials involved in that case, including Defendant Schaefer. *See* Dkt. 7. Plaintiff states Defendant Schaefer violated his right to due process during his 2022 arrest. According to Plaintiff, Defendant Schaefer witnessed the actual attacker assault the victim but decided to leave the crime scene and later falsely accuse Plaintiff of being the aggressor against the "victim by perception." Dkt. 7 at 7–8.

In addition, Plaintiff asserts Defendants Schaefer and Polansky violated his right to due process when they assaulted him on June 4, 2019. *Id*. at 10. More specifically, he claims Defendants "stole their weapons back from me" and "crushed" him between two police vehicles. *Id*.

As relief, Plaintiff seeks release from jail and monetary damages. *Id*. at 9.

### B.   Procedural History

On November 1, 2022, Plaintiff filed his initial complaint. Dkt. 1-1. On November 14, 2022, the Court reviewed the first complaint and found Plaintiff had failed to state a claim. Dkt.

4. The Court declined to serve the complaint, but afforded Plaintiff an opportunity to file an amended complaint. *Id*.

On December 5, 2022, Plaintiff filed the operative amended complaint (hereinafter "Complaint"). Dkt. 5, 7. On January 10, 2023, after screening the Complaint, the Court entered an Order directing service. Dkt. 6. On January 24, 2023, and January 27, 2023, Defendants entered notices of appearance. Dkts. 10, 12, 13. Further, on January 24, 2023, Plaintiff filed a "statement of additional grounds," providing further narrative supporting the Complaint's claims. Dkt. 11.

On March 14, 2023, Defendants Schaefer and Polansky filed this motion to dismiss. Dkt. 31. Defendants also provided Plaintiff with a notice of dispositive motion.[2] Dkt. 44. Plaintiff responded to the motion in a supplement filed on March 27, 2023 (Dkt. 37), and a further response on April 3, 2023 (Dkt. 42). Defendants have not filed a reply. *See* Dkt.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St.*

---

[2] This required *Rand* notice was not served concurrently with the motion to dismiss or before the noting date of the motion (*see* Dkt. 8), but the Court concludes it is sufficient in this instance.

REPORT AND RECOMMENDATION - 3

*Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Pro se* litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

In the instant motion to dismiss, Defendants argue the claims against Defendant Schaefer should be dismissed as duplicative filings and the claims against Defendant Polansky should be dismissed for failure to file within the applicable statute of limitations. The Court will address these arguments in turn.

**A.      Duplicative Filings**

Defendant Schaefer contends that the facts underlying Plaintiff's Complaint are identical to those alleged against Defendant Schaefer in cause numbers 3:22-cv-5714-JCC-GJL and 3:22-cv-5990-DGE-TLF. Dkt. 31 at 2–3. As a result, he argues, the claims here against Defendant Schaefer should be dismissed. The Court agrees.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a

duplicative later-filed action." *Id*. at 688. Thus, a district court may dismiss a § 1983 claim that is clearly duplicative of a pending, earlier-filed claim. *See, e.g., Kehano v. Hawaii*, 202 F. App'x. 208, 209 (9th Cir. 2006).

Here, the claims against Defendant Schaefer stem from the same allegations Plaintiff brought in his previously-filed case at cause number 3:22-cv-5714-JCC-GJL. *Compare* Dkt. 7 *with* 3:22-cv-5714-JCC-GJL, Dkt. 9. As to the claims stemming from Plaintiff's August 2022 arrest, both complaints allege Defendant Schaefer left the scene of the crime despite seeing the actual attacker of "my perceived victim," and later had Plaintiff arrested for the crime he did not commit. *Compare* Dkt. 7 at 7–8 *with* 3:22-cv-5714-JCC-GJL, Dkt. 9 at 4–5. Further, as to the claims stemming from the June 4, 2019, incident, in both complaints, Plaintiff claims Defendant Schaefer, along with Defendant Polansky, attempted to ram him between two police vehicles and assaulted him with their weapons or batons. *Compare* Dkt. 7 at 10 *with* 3:22-cv-5714-JCC-GJL, Dkt. 9 at 6.

Given that Plaintiff has already brought these claims against Defendant Schaefer under cause number 3:22-cv-5714-JCC-GJL, the Court has discretion to dismiss this matter as duplicative. Therefore, the Court recommends granting the motion to dismiss without prejudice as to the claims against Defendant Schaefer.

**B.      Statute of Limitations**

Defendant Polansky contends that the claim of assault against him should be dismissed as it is barred by the applicable statute of limitations. Dkt. 31 at 3–4. The Court agrees.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under

REPORT AND RECOMMENDATION - 5

state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).

Plaintiff's assault claim is governed by Washington State's two-year statute of limitations. *See* RCW 4.16.100; *Manning v. Washington*, 463 F.Supp.2d 1229, 1234 (W.D. Wash. 2006). From the allegations in the Complaint, Plaintiff had actual notice of the assault claim on June 4, 2019. Dkt. 7 at 10. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). The time for filing a complaint as to the assault claim expired on June 4, 2021. *See* RCW 4.16.100. Plaintiff initiated this lawsuit on November 1, 2022, almost seventeen months after the statute of limitations expired as to Plaintiff's assault claim. *See* Dkt. 1.

Plaintiff does not respond to Defendants' assertion that the assault claim is time-barred. Dkts. 27, 42. Thus, Plaintiff does not contend the claim is timely or assert he is entitled to a tolling of the limitations period. Therefore, the Court finds the assault claim is time-barred and should be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court recommends Defendants' Schaefer and Polansky's motion to dismiss (Dkt. 31) be **GRANTED** and Plaintiff's claims against them be **DISMISSED**.[3] Because Plaintiff has already been provided an opportunity to amend his complaint, the Court recommends further leave to amend be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

---

[3] If the Court adopts this Report and Recommendation and the Report and Recommendation regarding Defendant Enright's motion to dismiss (Dkt. 41), this matter should be closed.

REPORT AND RECOMMENDATION - 6

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 2, 2023**, as noted in the caption.

Dated this 16th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7