UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE RAY ABRAMS,<br><br>           Plaintiff,<br><br>  v.<br><br>CHAD M. ENRIGHT, et al.,<br><br>           Defendants. | CASE NO. C22-5826 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge J. Richard Creatura's Report and Recommendation (R&R), Dkt. 41, recommending the Court grant Defendant Chad Enright's motion to dismiss, Dkt. 14, and on Magistrate Judge Grady J. Leupold's[1] R&R, Dkt. 46, recommending the Court deny pro se Plaintiff Jesse Ray Abrams' motions for summary judgment, Dkts. 27 and 43. Abrams is a pretrial detainee in Kitsap County. He asserts 42 U.S.C. § 1983 claims against prosecutor Enright and the two Bremerton Police Officers involved in his arrest, claiming they violated (and are continuing to violate) his constitutional rights. He seeks release from custody and damages. Dkt. 1-1.

---

[1] The case was referred to Judge Leupold when Judge Creatura retired. *See* Dkt. 45.

ORDER - 1

1    Enright argues that Abrams' claims are barred by *Heck v. Humphrey*, 512 U.S.
2    477 (1994); that his claim seeking release is properly asserted as a petition for writ of
3    habeas corpus, not as a § 1983 claim; that the Court should abstain from exercising
4    jurisdiction under *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); and that Abrams'
5    claims against him are barred by prosecutorial immunity. Dkt. 14.
6    Judge Creatura's R&R, Dkt. 41, recommends granting Enright's motion and
7    dismissing with prejudice Abrams' claims against him. Abrams has not objected.
8    Judge Leupold's R&R, Dkt. 46, recommends denying Abrams' motions for
9    summary judgment. Abrams objects to that R&R, Dkt. 47.
10   A district judge must determine de novo any part of the magistrate judge's
11   disposition that has been properly objected to. The district judge may accept, reject, or
12   modify the recommended disposition; receive further evidence; or return the matter to the
13   magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A party properly objects
14   when the party files "specific written objections" to the report and recommendation as
15   required under Rule 72(b)(2).
16   "[I]n providing for a de novo determination . . . Congress intended to permit
17   whatever reliance a district judge, in the exercise of sound judicial discretion, chose to
18   place on a magistrate's proposed findings and recommendations." *United States v.*
19   *Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly,
20   when a district court adopts a magistrate judge's recommendation, the district court is
21   required to merely "indicate[] that it reviewed the record de novo, found no merit
22   to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the]

report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

      Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

      Although the court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must

nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Abrams has not objected to Judge Creatura's R&R, and the Court concludes that its recommendation is correct. The R&R is ADOPTED and Abrams' claims against Defendant Enright are DISMISSED with prejudice and without leave to amend.

Abrams argues that Judge Leupold's R&R wrongly recommends denying his summary judgment motions because the conduct of which he complains actually occurred. Dkt. 47. The Court above adopted the R&R's conclusion that Abrams could not state a plausible claim against Enright and dismissed his claims. Abrams has not established his entitlement to judgment as a matter of law, and the R&R on his summary judgment motions is ADOPTED. Those motions, Dkts. 27 and 43, are DENIED.

IT IS SO ORDERED.

Dated this 26th day of May, 2023.

BENJAMIN H. SETTLE
United States District Judge